Daniel, Judge.
 

 — The Court instructed the jury that where an account was furnished to the party against whom it was raised, and the party after examining its correctness, made no objection against any of the charges, but only claimed further credits,
 
 that
 
 was evidence to a jury of his admission of the justness of the account.
 

 In general an admission may be presumed, not only from the declaration of a party, but even from his acquiescence or silence; as, for instance, where the existence of the debt, or of the particular right has been asserted in his presence, and he has not contradicted it, (2 Starkie, 37). But the defendant in this case, neither acquiesced, nor was he silent. He claimed further credits, and exhibited an account containing the items of them. What he said, taken altogether, was not an admission of the account as it then stood. The admission or confession of a party must be taken together, and not by parts. As, if to prove a debt it be sworn that the debtor confessed it, but withal said at the time that he had paid it; his confession shall be evidence as to the payment as well as that he once owed the debt. This case is within the principle decided in the case of
 
 Jacobs
 
 v.
 
 Farrell,
 
 (2 Hawks. 570,) where the defendant admitted the justice of an account, but at the same time produced an account of equal amount against the plaintiff, which he alleged was correct; it was held, that all the defendant said must be taken together, and left to the jury to believe such parts as theymay think proper. It
 
 *19
 
 still rests with the jury to decide whether they will believe the whole of it; for the matter of discharge may be rendered so improbable by circumstances, as to make it unworthy of credit, while the other part may be sufficient to charge the defendant.
 

 Per Curiam. Judgment reversed.